IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN MARK EVANS,

      Plaintiff,

      v.                                CASE NO. 20-3011-SAC

UNITED STATES OF AMERICA,
et. al,

      Defendants.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Steven Mark Evans is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 28 U.S.C. § 1331. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3.) Plaintiff is incarcerated at CCA–Leavenworth in Leavenworth, Kansas ("CCA").

Plaintiff alleges as Count I, a denial of all court documents and orders; GSA Forms 24, 25, 25a; and IRS Forms 1099. Plaintiff alleges that this was done by all members of the court in the Western District of Missouri, plus the BOP in Fort Worth, Texas.

As Count II, Plaintiff claims he was denied face-to-face contact with the Public Defender; was harassed by a psychologist working at BOP; was denied his Fifth Amendment right to remain silent; was illegally detained and transported; was denied healthcare; was defamed,

assaulted, and denied a trial by jury; theft of commissary money; loss of purchased items; and potential risk of bodily harm from others detained by or with.

Plaintiff names as Defendants: the United States of America; CCA; United States Marshals; Federal Bureau of Prisons; Transportation Corporation of America; County of Grandy, Oklahoma; the Western District of Missouri Public Defender Office; the Western District of Missouri Prosecutor's Office; and the Bureau of Alcohol, Tobacco and Firearms. Plaintiff's claim for relief seeks "anything and everything awarded by a jury of my peers through trial (7th Amendment)." (Doc. 1, at 6.)

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not

raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

Plaintiff has failed to allege how any defendant personally participated in the deprivation

of his constitutional rights and has failed to provide any support for his bald allegations that his rights were violated. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

Plaintiff does not have an established cause of action against CCA under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). The Supreme Court has held that a *Bivens* action does not lie against a private corporation that manages a private prison. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 71–73 (2001) (holding that *Bivens* action does not lie against a private corporation operating a halfway house under contract with the Bureau of Prisons). An action against individual officers or employees of CCA would likewise be unavailable. The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation); In *Minneci*, the Supreme Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must

> seek a remedy under state tort law. We cannot imply a *Bivens*
> remedy in such a case.

*Minneci*, 565 U.S. at 131.

The Supreme Court reasoned that "a critical difference" between cases where *Bivens* liability applied and those where it did not was "employment status," i.e., whether the defendants were "personnel employed by the government [or] personnel employed by a private firm." *Id*. at 126. Defendant CCA is a private corporation contracting with the United States Marshals Service, a federal law enforcement agency. The Supreme Court also rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability. *Id*. at 126–27.

Likewise, the Tenth Circuit has previously stated that "the presence of an alternative cause of action against individual defendants provides sufficient redress such that a *Bivens* cause of action need not be implied." *Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (unpublished) (citing *Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1102 (10th Cir. 2005)). The Tenth Circuit found that where plaintiff "has an alternative cause of action against the defendants pursuant to Kansas state law, he is precluded from asserting a *Bivens* action against the defendants in their individual capacities," and he is "barred by sovereign immunity from asserting a *Bivens* action against the defendants in their official capacities." *Crosby*, 502 F. App'x at 735 (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) (finding that an official-capacity claim "contradicts the very nature of a *Bivens* action. There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.")).

Plaintiff's remedy against CCA and its employees, if any, is an action in state court for negligence or other misconduct. *See Harris v. Corr. Corp. of Am. Leavenworth Det. Ctr.*, No. 16-3068-SAC-DJW, 2016 WL 6164208, at *3 (stating that plaintiff has remedies for

injunctive relief in state court and citing *Peoples*, 422 F.3d at 1104–05 (individual CCA defendants owed a duty to protect to plaintiff that if breached, would impose negligence liability)); *Lindsey*, 557 F. Supp. 2d at 1225 (Kansas law generally provides an inmate with a remedy against CCA employees for negligence and for actions amounting to violations of federal constitutional rights.); *see also Menteer v. Applebee*, 2008 WL 2649504, at *8–9 (D. Kan. June 27, 2008) (plaintiff's state law negligence claim found to be equally effective, alternative cause of action to *Bivens* claim). In addition, "[i]n Kansas, a prisoner may attack the terms and conditions of his or her confinement as being unconstitutional through a petition filed under K.S.A. 60-1501." *Harris*, 2016 WL 6164208, at *3 (citing *Jamerson v. Heimgartner*, 326 P.3d 1091, at *1 (Kan. App. June 20, 2014) (unpublished)). Because Plaintiff has an alternative cause of action pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court against CCA or its employees.

Furthermore, Plaintiff fails to allege any facts suggesting the alleged violations occurred in Kansas. He alleges that the actions occurred in the Western District of Missouri and at a BOP facility in Fort Worth, Texas. Under 28 U.S.C. § 1391(b):

> A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .

28 U.S.C. § 1391(b)(1)–(2).

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. If Plaintiff does not show good cause by the deadline, this matter may

be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **March 3, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated February 7, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**