# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**STEVEN MARK EVANS,**

    **Plaintiff,**

    v.                                                **CASE NO. 20-3011-SAC**

**UNITED STATES OF AMERICA,**
**et. al,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 28 U.S.C. § 1331. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3.) Plaintiff is incarcerated at CCA–Leavenworth in Leavenworth, Kansas ("CCA"). On February 7, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff an opportunity to show good cause why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint. This matter is before the Court on Plaintiff's Response (Doc. 5).

In the Court's MOSC, the Court found that Plaintiff has failed to allege how any defendant personally participated in the deprivation of his constitutional rights and has failed to provide any support for his bald allegations that his rights were violated. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or

construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Court also found that Plaintiff does not have an established cause of action against CCA under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). Furthermore, Plaintiff fails to allege any facts suggesting the alleged violations occurred in Kansas. He alleges that the actions occurred in the Western District of Missouri and at a BOP facility in Fort Worth, Texas.

In his Response, Plaintiff alleges that he will limit his claims to those against the United States Marshals in Kansas. The Court will give Plaintiff an opportunity to file a proper amended complaint. However, Plaintiff is cautioned that he must (1) raise only properly joined claims and defendants; (2) allege sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) allege sufficient facts to show personal participation by each named defendant.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (20-3011-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege

facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **July 6, 2020,** in which to file a proper amended complaint.

The Clerk is directed to send Plaintiff § 1331 forms and instructions.

**IT IS SO ORDERED**.

**Dated June 5, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**