**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**STEVEN MARK EVANS,**

      **Plaintiff,**

      **v.**                                   **CASE NO.  20-3011-SAC**

**UNITED STATES OF AMERICA,
et. al,**

      **Defendants.**

**<u>ORDER</u>**

Plaintiff brings this *pro se* civil rights action pursuant to 28 U.S.C. § 1331.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  (Doc. 3.)  Plaintiff is incarcerated at CCA–Leavenworth in Leavenworth, Kansas ("CCA").   On February 7, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff an opportunity to show good cause why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint.

In the Court's MOSC, the Court found that Plaintiff has failed to allege how any defendant personally participated in the deprivation of his constitutional rights and has failed to provide any support for his bald allegations that his rights were violated.  The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or

construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Court also found that Plaintiff does not have an established cause of action against CCA under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971). Furthermore, Plaintiff fails to allege any facts suggesting the alleged violations occurred in Kansas. He alleges that the actions occurred in the Western District of Missouri and at a BOP facility in Fort Worth, Texas.

Plaintiff filed a response, alleging that he will limit his claims to those against the United States Marshals in Kansas. On June 5, 2020, the Court entered an Order (Doc. 7) granting Plaintiff until July 6, 2020, to file an amended complaint. To date, Plaintiff has failed to either file an amended complaint or to request an extension of time beyond the July 6, 2020 deadline.

On July 15, 2020, the Court entered an Order to Show Cause (Doc. 8) ("OSC"), granting Plaintiff until August 4, 2020, to show good cause why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. The OSC was mailed to Plaintiff at Plaintiff's address of record and was returned as undeliverable. (Doc. 9.)

The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the OSC by the Court's deadline. Plaintiff has failed to show good cause why this matter should not be dismissed for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as

permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

**Dated August 7, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**